UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. WAGNER,<br><br>   Plaintiff,<br><br>  v.<br><br>SAFEWAY, INC.,<br><br>   Defendant. | Case No. 21-cv-08903-JSC<br><br>**SCREENING ORDER** |

Michael Wagner, representing himself, brings this action against Safeway, Inc., alleging sexual harassment by Safeway employees. Having granted Mr. Wagner's application to proceed in forma pauperis, (*see* Dkt. No. 4), the Court now screens his Complaint pursuant to 28 U.S.C. § 1915.

**COMPLAINT ALLEGATIONS**

Mr. Wagner's allegations are difficult to discern, but they appear to relate to issues that he has had at "the Safeway store at Palmetto and Manor." (Dkt. No. 1 at 3.) Mr. Wagner alleges that "numerous store employees" have engaged in "blatant and systemic sexual harassment." (*Id*.) Mr. Wagner points to "a Store-wide custom of stalking the Plaintiff, on and off the store premises, with one employee often demonstrating enraged and threatening acts." (*Id.* at 4.) "The Plaintiff is blamed for these workers weakness with Masterbation [sic] (hence the sexual harassment claim)." (*Id*.) As a result, "[t]he Plaintiff is forced into using other Markets for his grocery shopping." (*Id.*)

Mr. Wagner pleads a single claim under 42 U.S.C. § 1981 and seeks $25 million in damages. (*Id*. at 4-5.)

**LEGAL STANDARD**

The Court has a continuing duty to dismiss any case in which a party is proceeding in

forma pauperis upon a determination that the case is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The standard of review under 28 U.S.C. § 1915(e)(2) mirrors that of Rule 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When a plaintiff files a complaint without being represented by a lawyer, the court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted).

**JURISDICTION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Further, as courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. Here, Mr. Wagner invokes federal question jurisdiction based on his claims under 42 U.S.C. § 1981. (Dkt. No. 1 at 2, 4.)

**DISCUSSION**

As noted above, it is difficult to discern the nature of Mr. Wagner's claims. He identifies 42 U.S.C. § 1981 as the basis for his claims because it "protects against the sexual harassment

'aimed' at the Plaintiff." (Dkt. No. 1 at 4.) To the extent that Plaintiff seeks to plead a section 1981 claim, he must allege facts demonstrating (1) that he is a member of a racial minority; (2) the defendant's intent to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute. *See Lenk v. Sacks, Ricketts, and Case LLP*, No. 19-cv-03791- BLF, 2020 WL 2793480, at *4 (N.D. Cal. May 29, 2020); *see also Comcast Corp. v. National Assn. of Africa American-Owned Media*, 140 S.Ct. 1009, 1019 (2020) ("a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right."). Mr. Wagner has neither alleged that he is a member of racial minority nor that he has been discriminated against on the basis of race.

Title VII of the Civil Rights Act of 1964 prohibits discrimination including sexual harassment that is so "severe or pervasive" as to "alter the conditions of [the victim's] employment and create an abusive working environment." *Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1053-54 (9th Cir. 2007) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)). Mr. Wagner, however, does not allege sexual harassment in the workplace, and instead, appears to allege harassment as a customer by Safeway employees. This is not a cognizable Title VII claim.

To the extent that Mr. Wagner seeks to plead a state law claim for harassment or stalking, the Court lacks a basis for supplemental jurisdiction over these state law claims without a properly-pleaded federal cause of action. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction...."). Nor has plaintiff established diversity jurisdiction over any such state law claims. *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.).

In sum, the Court cannot discern a plausible claim for relief from Mr. Wagner's allegations or a basis for subject matter jurisdiction.

**CONCLUSION**

For the reasons set forth above, Mr. Wagner's complaint fails section 1915 review. Mr. Wagner may file an amended complaint within 30 days. If Mr. Wagner does not respond to this Order or if his amended complaint fails to state a claim, the Court may prepare a report and recommendation recommending that a district judge dismiss the complaint.

The Court encourages Mr. Wagner to seek free assistance from the Northern District's Legal Help Center by calling (415) 782-8982.

**IT IS SO ORDERED.**

Dated: December 16, 2021

JACQUELINE SCOTT CORLEY
United States Magistrate Judge