UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. WAGNER,<br><br>Plaintiff,<br><br>v.<br><br>SAFEWAY, INC.,<br><br>Defendant. | Case No. 21-cv-08903-JSC<br><br>**ORDER OF REASSIGNMENT AND REPORT AND RECOMMENDATION TO DISMISS** |

Michael Wagner, proceeding without counsel, brings this civil action against Safeway alleging harassment by Safeway employees. The Court previously granted Mr. Wagner's application to proceed in forma pauperis and screened his complaint under 28 U.S.C. § 1915(e)(2). (Dkt. Nos. 4, 6.) In the Screening Order, the Court concluded that Mr. Wagner's complaint failed to demonstrate a basis for federal subject matter jurisdiction or state a claim upon which relief could be granted. (Dkt. No. 6 at 2-3.) Mr. Wagner has since filed an amended complaint in which he now pleads a claim for "murder conspiracy." (Dkt. No. 7.) Because neither Mr. Wagner nor the unserved Defendant has consented to the jurisdiction of the undersigned magistrate judge, the Court directs the Clerk to REASSIGN this action to a district judge. *See Williams v. King*, 875 F.3d 500, 504 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge). Because the amended complaint fails to plead a basis for subject matter jurisdiction, the Court RECOMMENDS that the newly assigned district judge DISMISS the action.

**BACKGROUND**

While difficult to discern, the gist of the allegations of Mr. Wagner's initial complaint appeared to be that employees at the Safeway store at Palmetto and Manor had engaged in "blatant and

systematic sexual harassment" including a "Store-wide custom of stalking the Plaintiff, on and off the store premises, with one employee often demonstrating enraged and threatening acts." (Dkt. No. 1 at 3-4.) In his amended complaint, Mr. Wagner alleges that "the unknown-named stalker-morning-clerk often ran up the sidewalk, suddenly—behind me!" and describes an incident where the clerk threatened him "with clenched fists." (Dkt. No. 7 at 2.) Mr. Wagner alleges that other "unknown named Safeway employees" "would block my way or maliciously ignore me." (*Id.*) He contends that these allegations support a reasonable inference of a "Murder Conspiracy aimed at the Plaintiff" and seeks $25,200,000 in damages. (*Id.*)

## LEGAL STANDARD

The Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis upon a determination that the case is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). The standard of review under 28 U.S.C. § 1915(e)(2) mirrors that of Rule 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). Thus, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). To avoid dismissal, a complaint must contain more than "naked assertion[s]," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-57. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When a plaintiff files a complaint without being represented by a lawyer, the court must "construe the pleadings liberally . . . to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted).

## DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994). Further, as courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). In most cases, original federal subject matter jurisdiction may be premised on two grounds: (1) diversity jurisdiction, or (2) federal question jurisdiction.

The Court previously found that Mr. Wagner failed to establish a basis for subject matter jurisdiction over his claims because while he invoked 42 U.S.C. § 1981 as the basis for his claims, he failed to allege that he is a member of racial minority or that he has been discriminated against on the basis of race. *See Comcast Corp. v. National Assn. of Africa American-Owned Media*, 140 S.Ct. 1009, 1019 (2020) ("a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right."). Nor had he pled another claim that would give rise to federal question jurisdiction such as a Title VII claim based on sexual harassment. (Dkt. No. 6 at 3.)

In the caption of his amended complaint, Mr. Wagner identifies "18 U.S.C. 1117" as the basis for his murder conspiracy claim. (Dkt. No. 7 at 1.) Section 1117 is a criminal statute which states that "If two or more persons conspire to violate section 1111, 1114, 1116, or 1119 of this title, and one or more of such persons do any overt act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life." However, as a private party, Mr. Wagner cannot bring a civil claim based on a violation of a federal criminal statute. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (explaining that criminal provisions under Title 18 of the U.S. Code "provide no basis for civil liability"). Federal criminal statutes are public in nature and prosecuted in the name of the United States. Mr. Wagner's purported claim under Section 1117 therefore fails to give rise to a basis for subject matter jurisdiction.

To the extent that Mr. Wagner continues to plead a state law claim for harassment or stalking, the Court lacks a basis for supplemental jurisdiction over these state law claims without a properly-pleaded federal cause of action. *See* 28 U.S.C. §§ 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States), 1367(a) (where the district court has original jurisdiction, it "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction...."). Nor has

he established diversity jurisdiction over any such state law claims. *See* 28 U.S.C. § 1332; *Bautista v. Pan American World Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987) (to establish diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000.).

Accordingly, because Mr. Wagner has failed allege a basis for subject matter jurisdiction over his claims, the Court recommends that the newly assigned district judge dismiss Mr. Wagner's amended complaint for lack of subject matter jurisdiction.

**CONCLUSION**

For the reasons stated above, the Court RECOMMENDS that the newly assigned district judge DISMISS Mr. Wagner's amended complaint.

Any party may file objections to this report and recommendation with the district court judge within fourteen days after being served with a copy. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); N.D. Cal. Civ. L.R. 72-3. Failure to file objections within the specified time may waive the right to appeal the district court's ultimate order.

**IT IS SO ORDERED.**

Dated: January 5, 2022

JACQUELINE SCOTT CORLEY
United States Magistrate Judge